## C. A. MONTGOMERY, and H. S. BERRY, Respondents, *v.* D. N. HUNT, Sheriff, Appellant.

The statement of a witness when in his senses, in relation to his own condition at the time of a sale, ought to be conclusive.

The party introducing the witness making this statement, is estopped from denying his sanity.

A sale of property, however fraudulent as to creditors, is good as between the parties to the sale.

The plaintiffs purchased from B a certain number of cattle, and presented to C, the agent of B, an order for their delivery. C pointed out the cattle to the plaintiffs, as they were grazing in view, and told him that he delivered him possession, and then accepted an offer of employment from the plaintiffs, and remained in charge of the cattle until they were seized by the defendant. *Held,* That this was a delivery as immediate and as complete as the nature of the case would admit, and followed by an actual and continued change of possession.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

Replevin for a certain number of cattle levied on by the defendant, Sheriff of Sacramento county, as the property of one D. G. Weston.

At the trial, the plaintiffs offered in evidence a bill of sale, dated January 13, 1853, from Weston to them, of the cattle in controversy, for five thousand eight hundred and seventy-five dollars, and to prove the delivery, called James M. Howard, who testified, that upon the day following the sale, Montgomery arrived at the ranch where the cattle where grazing, and presented to him an order, signed by Weston, for the delivery of the cattle. That upon reading the order, he took Montgomery to the spot where the cattle were grazing, and pointing them out to him, told him that he delivered him the possession of the cattle.

Howard had been employed for some time as the agent of Weston in taking care of the ranch and looking after the cattle. After the delivery had been consummated, Howard accepted an offer of employment from the plaintiffs to take charge of the cattle on their account, and remained in charge until they were levied upon by the defendant.

Upon the same day that he delivered the cattle, Meacham arrived at the ranch, bringing a letter from Weston to Howard, informing the latter that the ranch had been sold to Meacham, and instructing him to deliver possession of it to Meacham, which order Howard immediately complied with.

Defendant introduced Weston as a witness, who testified, that, at the time he sold the ranch, and also when he sold the cattle, that he was fully conscious, and recollected distinctly what he did, and was fully capable of attending to the sale.

Defendant then offered to introduce the testimony of two physicians, to prove the insanity of Weston at the time of the sales. The Court refused to admit such testimony, and defendant excepted.

Defendant then offered to prove that the sale of the ranch to Meacham was fraudulent, and made for the purpose of defrauding creditors. The Court refused to permit such testimony to be introduced. Defendant excepted.

The Court refused to permit the defendant to cross examine Howard, as to the delivery by him of the cattle to Montgomery, until the defendant could show that he was a creditor of Weston. Defendant excepted.

At a subsequent stage of the suit, the cross examination of Howard was granted by the Court.

The jury found for the plaintiff, and defendant appealed.

*Robinson, Beatty & Haggin,* for Appellant.

Against the ruling of the Court below, cited—Comp. L., p. 201, §§ 13, 15. 5 Barr, 320. 2 W. and Serg., 147. 1 Cranch, 309. 8 B. Mon., 12. 1 Litt., 255. 6 Dana, 114. 7 Ib., 260. 9 Johns., 337. 1 Coms., 261.

*Winans & Hyer,* for Respondent.

1 Where a party offers evidence which is objected to and excluded by the Court, to which exclusion the party offering the evidence excepts, and the other party afterwards allows the evidence to go to the jury, the party first offering the evidence can not maintain his exceptions. Massey *v.* Walker, 10 Ala., 288. Ligget *v.* The Bank of Pa., 7 Serg. and R., 219.

2. The exclusion of the testimony tending to show the sale to Meacham to be fraudulent, was proper, because no effort was made to show that the plaintiffs were cognizant of the fraud, if any.

3. The testimony tending to show the insanity of Weston was properly excluded. Jennings v. Webster, 7 Cow., 262.

4. The delivery was sufficient. Hollingsworth v. Bates, 3 Blackford, 340. Barney v. Brown, 2 Verm., 374. Potter v. Washburn, 13 Ib., 558. Whitney v. Lynde, 16 Ib., 579. Boynton v. Veazie, 11 Shep., 286. Park v. Hall, 2 Pick., 206. Damon v. Osborn, 1 Ib., 486.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., and BRYAN, J., concurred.

The first assignment of error is the refusal to allow the defendant to cross examine the witness, Howard. This was cured by the subsequent cross-examination of the same witness.

Second, The refusal to permit the defendant to prove the insanity of Weston. Weston was made a witness by the defendant, and stated that he was fully conscious, and recollected distinctly what he did, and was capable of doing business at the time of the sale. His introduction as a witness by the defendant, estops the latter from denying his sanity at that time, and the statement of the witness when in his senses in relation to his own condition at the time of the contract, ought to be conclusive. At any rate, it was no business of the defendant, provided the contract was fair, and the consideration sufficient.

Third, There was no error in refusing to let the defendant prove that the sale of the ranch to Meacham was fraudulent. There was no attempt to bring notice of the fraud to the plaintiff; but if that was done, it would be immaterial. The object was to show that, because the sale of the ranch was fraudulent, and the cattle remained on the ranch, that, therefore, there was no change of possession. But it must be recollected, that, however fraudulent against creditors might have been the sale from Weston to Meacham, yet it was good between the parties, and effected a complete change of the possession, as between them. It follows, conclusively, that the cattle remaining upon the ranch followed the actual possession of it by Meacham, and were no longer in the possession of Weston.

Fourth, The remaining point depends upon the question of what constitutes delivery. It seems that the plaintiffs, after purchasing from Weston, repaired to the ranch with an order from him to his agent, to deliver the cattle to them; that simultaneously the possession of the ranch was delivered to Meacham the purchaser, and the agent of Weston discharged from his employment. This agent pointed out the cattle to the plaintiff, as they were grazing in view, and told him that he delivered him possession, and then accepted an offer of employment from plaintiffs to take charge of the cattle on their account, and did remain in the charge of them until they were seized by the defendant. This was a delivery as immediate and as complete as the nature of the case would admit, and followed by an actual and continued change of possession.

It results, that there is no error in the record, and the judgment is affirmed.