GAMBLE *et al.,* APPELLANTS, *v.* VOLL *et al.,* RESPONDENTS.

R. & Co., DEFENDANTS, had two mechanics' liens upon certain property, one filed October 30th, 1854, the other filed December 8th, 1854, against defendant, V. In 1855, R. & Co. sign an entry on the record of liens, stating that the liens did not fall due till January 15th, 1856. This was done on the supposition that the Act of 1855 permitted such extension of credit with safety. Discovering that such Act in this respect did not apply to existing liens, R. & Co., November 16th, 1855, brought suit on the liens, obtained judgment, sold the property, bought it in and received a Sheriff's deed. Plaintiff, as mortgagee of the property subsequent to the liens, obtained judgment, sold the property, bought it in, received a Sheriff's deed, and now files his bill to set aside R. & Co.'s judgment and sale on the ground of fraud. *Held,* that R. & Co. and V. had a right to rescind the arrangement made to extend the lien, such extension

Gamble *v.* Voll.

having been made under misapprehension, the debt being legal and just, and plaintiff having acquired no rights which it would be inequitable to disturb; that such rescission is no evidence of fraud.

The fact that judgment on the liens in this case included a charge of interest at two per cent. given on a prior extension of the lien, which interest is over and above the original contract price for the articles for which the lien was claimed, is not of itself conclusive proof of fraud in the judgment, but such interest cannot be charged on the premises as against plaintiff.

As subsequent mortgagee, plaintiff would have a right, in a proper case, to redeem the premises from the sale under the judgment on the liens, by paying the money justly due, interest, costs, etc.—he not having been party to the suit by the lien-holder.

Plaintiffs here cannot object that the premises are not so described in the liens as to pass title under such sale. If from insufficient description R. & Co. got no title, plaintiffs have their remedy in ejectment.

In this case, the only ground for the interposition of equity being fraud, and this being ignored by the findings, the bill is dismissed : but the decree will be confined to the disposition of the fraud alone, leaving plaintiff at liberty to pursue his remedy in ejectment, if he have any, without prejudice from this decree.

Decree modified at appellants' costs.

APPEAL from the Fifth District.

Bill against Voll and George Reed & Co., to set aside a judgment and sale by Reed & Co. of certain property, on the ground of fraud. July 27, 1856, plaintiffs obtained judgment against defendant, Voll, on his note and mortgage to them, dated November 3, 1855, the mortgage being upon the premises in controversy, and recorded same day. The property was sold on such judgment, August 30, 1856, and a Sheriff's deed made to plaintiffs as purchasers, March 9, 1857.

Reed & Co. filed a mechanics' lien on the property, October 20, 1854, for money due them from Voll for materials furnished from October 13 to October 26, 1854; and also, December 8, 1854, filed a second lien for another sum due from Voll for materials furnished December 1, 1854. On the margin of the record of each of these liens appears this entry : " This lien not due until the fifteenth day of January, 1856, when the time of credit expires. George Reed & Co."

November 16, 1855, Reed & Co. began suit upon said liens against Voll, had judgment March 4, 1856, for seven hundred and five dollars and seventy-four cents, the amount of the two liens, together with two hundred and eleven dollars and seventy-three cents interest and costs, under which the premises were sold April 12, 1856, and bought in by Reed & Co., who received the Sheriff's deed October 12, 1856. The

interest above was added by virtue of an agreement on the part of Voll, made December 1, 1854, to pay interest at two per cent. to procure an extension of the time of payment.   December 1, 1854, notes were given by Voll for the liens, payable in four and five months, Reed & Co. agreeing to extend the credit on the liens thus far.

The Court below found that Reed & Co. were entitled to foreclose the liens named, that the charge of fraud against defendants is not sustained, and dismissed the bill.   The other facts will be understood from the opinion of the Court.   Plaintiffs appeal.

*L. Quint,* for Appellants.

The points made by counsel appear in the opinion.

*H. P. Barber,* for Respondents.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

Appellants filed their bill to set aside a judgment and sale by respondents of certain property.   The ground is fraud in obtaining this judgment, which the appellants claim a right to vacate, in order to give effect to their judgment recovered on a subsequent mortgage and sale under it.   The facts are, that respondents held two mechanics' liens upon the property; one for six hundred and fifty-two dollars and sixteen cents, filed October 30th, 1854, and the other for fifty-three dollars and eighteen cents, filed December 8th, 1854, against defendant Voll.   Voll, in 1855, procured from respondents an entry on the record, stating that the lien did not fall due till January 15th, 1856.   It seems to have been supposed that under the Act of 1855, this could be done, and the lien thus extended with safety to the creditor.   But it was discovered that the Act of 1855 in this respect only applied to subsequent and not to existing liens; and respondents accordingly brought suit within the year limited, and judgment was obtained.   The plaintiffs below relied on two grounds, which do not seem to be consistent: 1st. That the lien had expired; and 2d. That the lien had been so extended that the debt was not due, or the lien could not be enforced at the time of suit.

1. But it is readily answered, that as this arrangement was made for the extension of the lien upon a misapprehension, the debt being just and legal, the parties had a right to rescind what was so done.   The

judgment could only be impeached by the plaintiffs for fraud, and no fraud is proved by this rescission of the arrangement made under these circumstances. The parties had a right to rescind the arrangement; and unless it were shown that the plaintiffs had acquired some rights by these proceedings which it would be inequitable to disturb, the plaintiff has no cause of complaint.

2. *The mere fact* that the judgment is taken for too much, is not itself conclusive proof of fraud. We are aware that the contrary seems to be intimated or held in *Taaffe* v. *Josephson* (7 Cal. 352). But the doctrine in that case cannot be maintained and is overruled. In this case, the sum over the original contract price for the articles for which the lien was claimed, arose from a charge of interest at two per cent. given on a prior extension of the lien. It is plain that the interest cannot be charged upon the premises as against the subsequent mortgage; but the mere fact that it was erroneously included in the amount of the judgment, is not conclusive proof of fraud in the judgment.

3. The sale to respondents under decree and judgment against Voll is not conclusive of the rights of the subsequent mortgagee to the lien-holder, if he were not made a party to the proceeding of the lien-holder. The mortgagee would have a right to redeem the premises on paying the money justly due, interest, costs, etc. But there is no case made for setting aside the judgment, sale, etc. (*Whitney* v. *Higgins*, 10 Cal. 547.)

4. The other assignments are without force. It is nothing to the plaintiffs that the premises are not so described as to pass title, so far as this bill is concerned. If they are not, the respondents get no title, and the plaintiffs have a clear remedy in ejectment.

5. It is not necessary to consider the other points, for the main question in this case was as to the actual fraud in procuring the judgment and sale, and that question has been found by the Judge below, and is not affected materially by the minor objections made by the appellants, if there be anything in them, which we think is not the case.

There is no ground for the interposition of a Court of Chancery except the fraud charged, and this being ignored by the finding, the bill of the plaintiffs must be dismissed. But we think, under the circumstances, that the decree should be confined to the disposition of this single matter of fraud, leaving the plaintiffs to pursue their legal

remedy in ejectment, if they shall be so advised, without prejudice from this decision otherwise than by the adjudication of this question.

The decree below will be modified accordingly, at the costs of the appellants.   Ordered accordingly.