## HODGKINS *et al. v.* HOOK *et al.*

IN an action brought by a vendee of personal property against a Sheriff, to recover possession of the same, where the Sheriff claims the property under an execution in favor of a creditor of the vendor, and attacks the sale for fraud, if the testimony is conflicting as to whether there was an actual and continued change of possession in the plaintiff after the sale to him, this question should be submitted to the jury.   If, however, the facts are undisputed, it is a question of law, whether these facts constitute a continued and exclusive possession in the vendee.

Where, after a sale of personal property, the creditors of the vendor attack the same for fraud, and, on the trial, there is evidence that the vendee, after the sale and delivery, exercised some slight acts of ownership and control over the property, but this is not shown to have been done with the knowledge or consent of the vendor, the fact that the vendor does not offer any evidence explanatory of the vendee's acts, does not add anything to the weight of the evidence touching the vendee's connection with the property.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

.   The plaintiff recovered judgment in the District Court, and the defendants appealed.   The other facts are stated in the opinion of the Court.

*H. O. Beatty*, for Appellants.

The change of possession required by the statute must not only be continued, but exclusive.   This Court, in the case of *Vance* v. *Boynton* (8 Cal. 562), quote approvingly from Chitty on Contracts the following language (opinion of BURNETT, J., 8 Cal. 562) : " It seems that the change of possession, necessary to rebut the inference of an intention to defraud creditors, must be substantial, *bona fide*, and exclusive ; and, consequently, that the sale or assignment

will be considered fraudulent and void, and the assignor's possession colorable, if the goods be left upon the premises of the assignor and in his apparent disposal or order, although the vendee or his servant enter upon the premises, and also be in possession of the goods."

Now, admitting this delivery was sufficient (and on that point we raise no question), that the change of possession was substantial and *bona fide*, it cannot be pretended it was exclusive. If the possession was not exclusively in Hodgkins; or, rather, if it was not wholly and completely out of Lyons, then this sale was void under Sec. 15 of the Statute of Frauds, which is as follows: " Every sale made by a vendor of goods and chattels in his possession or under his control, and every assignment of goods and chattels, unless the same be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of things sold or assigned, shall be conclusive evidence of fraud as against the creditors of the vendor, or the creditors of the person making such assignment, or subsequent purchasers in good faith." (Wood's Dig. 1858, 107, Art. 403.) See the case of *Vance* v. *Boynton* (8 Cal. 554–562), and the other California cases cited in that opinion, as to the proper construction of this section, especially as to exclusive possession of vendee.

But, even if the change was continuous, is there not a fatal objection to this verdict? Sec. 11 of the Statute of Frauds reads: " All deeds of gift, all conveyances, and all transfers or assignments, verbal or written, of goods, chattels, or things in action, made in trust for the use of the person making the same, shall be void as against the creditors, existing or subsequent, of such person." (Wood's Dig. 1858, 106, Art. 399.)

*Hall & Scaniker*, for Respondent.

A complete answer to appellants' position is found in the fact, that the jury passed upon the question of the delivery and continued change of possession; and this, too, it is to be presumed, under correct instructions upon their legal force and effect, if true, from the Court.

It was for the jury to determine what acts of control or owner-

ship were exercised by Lyons, and whether with or without the knowledge, authority, or consent of the plaintiff. " What are the circumstances, is a question of fact for the jury." ( *Vance* v. *Boynton*, 8 Cal. 561.)

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action against the Sheriff of San Joaquin County and others, to recover the possession of a number of cattle, horses, and other personal property, claimed by the plaintiff under a bill of sale executed to him by one Lyons, bearing date August 1st, 1861. The defendants justified the taking under a writ of attachment issued in favor of one Golding against said Lyons, and the question involved was the validity of the sale to the plaintiff. It seems that Lyons, in the summer of 1861, was the owner of a large ranch on the San Joaquin River, with about one thousand head of cattle, one hundred and fifty horses, a quantity of lumber, and other personal property, all of which he sold to one Johnson about July 1st, 1861. On the first of August, Lyons, Johnson, and the plaintiff made an arrangement by which the plaintiff paid Johnson $6,000, and thereupon Johnson reconveyed all the property back to Lyons, and the latter thereupon conveyed the real estate to the plaintiff, for the consideration, as expressed in the deed, of $2,000 ; and also executed to him a bill of sale of all the personal property for the consideration therein stated of $4,000. The cattle and horses were pasturing on the ranch and the adjoining lands. The property was delivered to the plaintiff at the time of the sale; at least, no question is raised upon that point; but it is contended that the plaintiff did not retain the actual, continued, and exclusive possession of the property, but that Lyons exercised, to some extent, acts of ownership over it. It does not appear that either just before or at the time of the sale to the plaintiff, Lyons was residing upon the ranch, but it seems to have been occupied by one Congrado, a vaquero, who had charge of the stock. At the time of the sale, the plaintiff hired the same person to continue on the premises and take charge of the stock, which he did. Lyons did not reside on the premises after the sale, nor was he about there, except occasionally. The

attachment of Golding was not levied on the property until May 21st, 1862. During the intermediate time there was some evidence, very slight in its character, that Lyons exercised acts of ownership over the property, by giving some directions to Congrado, and other acts; but it does not appear that this was done with the knowledge or consent of the plaintiff. We do not think the evidence on this point is sufficient to justify us in disturbing the verdict of the jury.

The evidence was of such a character as made it proper to submit to the jury the question, whether or not there was an actual and continued change of possession in the plaintiff after the sale to him. When the facts are undisputed, it is a question of law whether these facts constitute a continued and exclusive possession in the vendee. In this case, many of the suspicious circumstances are explained, and others have very little weight in the absence of proof of knowledge or consent on the part of the vendee. Some of the facts are similar to those in the case of *Montgomery* v. *Hunt* (5 Cal. 366), in which the sale was upheld by this Court.

It is also objected that the sale was void under the eleventh section of the Statute of Frauds. But there is no evidence that the sale to the plaintiff was made in trust for the use of Lyons. There was no proof of any private understanding between the parties to bring the case within the rule laid down in *Chenery* v. *Palmer* (6 Cal. 122.) It is also urged, that the Court erred in refusing the following instruction asked by the defendant: "If the jury believe, from the evidence, that Lyons drove off and sold some of the cattle, and exercised other acts of ownership and control over the same after the alleged delivery to Hodgkins, and that it was in the power of Hodgkins to produce evidence to explain Lyons' connection with the property, and he failed to introduce such evidence, the facts are to be taken most strongly against the party having such evidence and failing to produce it." The matter referred to in this instruction occurred several months after the sale to the plaintiff, and there was no evidence that the alleged act was done with the knowledge or consent of the plaintiff; which latter fact is an important one when it is sought to affect the rights of the plaintiff by the acts of Lyons, and which is not referred to in the instruction. We are not aware of any principle of law which makes the weight of

evidence depend upon any such circumstance as that relied upon in this instruction. The weight of the evidence referred to was certainly not increased by the fact that it was not rebutted, though it might have been lessened by explanatory evidence. The plaintiff may have considered that the circumstances of the case sufficiently explained the matter, without introducing evidence, if any he had, specially relating to that point.

The judgment is affirmed.