CLAYPOOL, APPELLANT, v. MALTA STANDARD GARAGE, RESPONDENT.

(No. 7,197.)

(Submitted February 2, 1934. Decided February 26, 1934.)

[30 Pac. (2d) 89.]

*Mr. Fred C. Gabriel,* for Appellant, submitted an original and a reply brief and argued the cause orally.

*Mr. George E. Hurd* and *Mr. John A. Tressler,* for Respondent, submitted a brief; *Mr. Hurd* argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an action in conversion to recover the reasonable value of 409 bushels and 40 pounds of wheat, alleged to have been converted by defendant, respondent here, on or about the seventh day of September, 1932. At the close of plaintiff's case the court granted an order directing judgment of nonsuit, from which this appeal is prosecuted.

From the evidence introduced by plaintiff, appellant here, it appears that one George Jones had leased land to Emmett Claypool on a crop-division basis. Jones was to have two-thirds and Claypool one-third of the crops raised. The wheat in controversy was a part of the 1932 crop. The Malta Standard Garage, respondent, obtained a judgment against Emmett Claypool. Emmett had previously borrowed money from his sister, Sadie Claypool, in an amount exceeding $1,000. In order to reduce this indebtedness, Sadie and Emmett made an agreement orally in August, 1932, whereby Sadie purchased

Emmett's one-third of the wheat at 35 cents a bushel, to be delivered at the elevator in Malta. At that time the wheat had not been harvested. Harvesting began about the 1st of September, 1932, and the wheat was stored in the elevator in the name of Sadie Claypool and George Jones, the landlord. The wheat was hauled, undivided, directly from the field to the elevator, and weight slips were issued by it for each load as it was received. These slips were made out in the names of George Jones and Sadie Claypool. Some of the slips were delivered by Emmett to Sadie on the evening of September 4, 1932. At that time the wheat was still being harvested and hauled to the elevator. The following day Sadie went to Chinook to pursue her occupation of teacher in the school there. On September 7, 1932, respondent levied upon the wheat to satisfy its judgment against Emmett Claypool. It was not until after this date that the remainder of the weight slips were delivered to Sadie Claypool. She kept the slips in her possession until just prior to the commencement of this action, when she gave them to her attorney. The elevator did not issue a regular storage ticket for the wheat until September 29, 1932. At that time it was issued to George Jones and Sadie Claypool.

The court granted the motion for nonsuit upon the grounds that plaintiff had failed to prove ownership of the property, and that there had never been a delivery thereof to the plaintiff so as to relieve the transaction from the inhibitions of section 8604, Revised Codes of 1921.

Plaintiff contends that the court erred in granting the motion for nonsuit; that the plaintiff's evidence was sufficient to sustain title to the wheat in her; that the motion for nonsuit should have been denied; and that the judgment entered is against the law.

In granting the nonsuit the court below necessarily held that plaintiff had failed to prove a sufficient case to go to the jury. (Sec. 9317, Rev. Codes 1921; *Durocher* v. *Myers,* 84 Mont. 225, 274 Pac. 1062, 1067; *Barrett* v. *Shipley,* 63 Mont. 152, 206 Pac. 430; *Lee* v. *Stockmen's National Bank,* 63

Mont. 262, 207 Pac. 623.) In the case of *Durocher* v. *Myers,* supra, this court said: ''Whether any substantial evidence has been introduced by the plaintiff becomes a question of law for the court on demurrer to the evidence by motion for nonsuit or for a directed verdict [citing *Barrett* v. *Shipley,* and *Lee* v. *Stockmen's National Bank,* supra]; but while the legal insufficiency or unsubstantial nature of the evidence may appear from the inherent weakness of the evidence itself (*McIntyre* v. *Northern Pacific Ry. Co.,* above [56 Mont. 43, 180 Pac. 971]), or because it is unreasonable or incredible in itself (*Vukmanovich* v. *State Assurance Co.,* 82 Mont. 52, 264 Pac. 933), or because it is from its very nature and the surrounding circumstances unworthy of belief (*Roman* v. *Albert,* 81 Mont. 393, 264 Pac. 115), no case should be taken from the jury on motion for a directed verdict, when reasonable men may draw different conclusions from the evidence, or where there is substantial evidence to support the complaint, but only where from the undisputed facts the conclusion necessarily follows, as a matter of law, that a recovery cannot be had on any view which may reasonably be taken from the facts established (*Bell* v. *Grimstad,* 82 Mont. 185, 266 Pac. 394).''

The motion for nonsuit was in effect a demurrer to the evidence introduced by the plaintiff. Thus the facts established by that evidence, or which the evidence tended to prove, stood undisputed. (*Durocher* v. *Myers,* supra; *Barrett* v. *Shipley,* supra; *Awbery* v. *Schmidt,* 65 Mont. 265, 211 Pac. 346; *Grover* v. *Hines,* 66 Mont. 230, 213 Pac. 250.)

The only question presented for determination here is whether the court erred in finding, as a matter of law, that plaintiff could not recover upon any view which might reasonably be taken from the evidence produced by plaintiff.

Defendant claims that ''plaintiff has wholly failed to prove ownership of the property which defendant is charged with converting.'' There is little merit in this contention. The evidence tends to show that plaintiff entered into a valid and binding agreement with Emmett Claypool, whereby she bought his wheat at an agreed price. The evidence further

tends to show a good and sufficient consideration for this agreement. It is true that the agreement appears to have been made some time prior to the time when the wheat was harvested and delivered to the elevator, but this fact did not invalidate the agreement as between the parties themselves, if it was their intention that title should pass immediately. The term "immediate delivery," as used in section 8604, supra, has been interpreted to mean within a reasonable time in view of all the circumstances and the nature of the property involved. (*O'Gara* v. *Lowry,* 5 Mont. 427, 5 Pac. 583; *Western Mining Supply Co.* v. *Quinn,* 40 Mont. 156, 105 Pac. 732, 135 Am. St. Rep. 612, 20 Ann. Cas. 173, 28 L. R. A. (n. s.) 214.) Even if it were conceded that the contract of sale was, when made, merely an agreement to sell, still the evidence would clearly indicate that the contract was consummated by delivery of the wheat at the elevator for the plaintiff prior to the attachment by defendant. When the wheat was so delivered, there remained nothing to be done to complete the sale in accordance with the contract of sale. At that time plaintiff had become the owner of the wheat.

In the case of *Bradford* v. *Marbury,* 12 Ala. 520, 46 Am. Dec. 264, it was held that delivery to a carrier or warehouseman named or indicated by the buyer was delivery to the buyer. In 55 C. J. 557, it is said: "It is sufficient to pass the property if delivery is made to a third person on account of the buyer, or to a warehouseman designated by the buyer to receive the goods." (See, also, *Bradford* v. *Marbury,* supra; *Byrnes* v. *Hatch,* 77 Cal. 241, 19 Pac. 482.)

In the case at bar plaintiff bought the wheat and told Emmett Claypool to store it in the elevator for her. He delivered the wheat to the elevator. Clearly, then, plaintiff became the owner of it at that time, even if she had not been so before.

It was properly a question for the jury to say, whether the property was so situated and the parties were so located at the time of the making of the sale that instant delivery could not be made, and whether it was made as soon thereafter as prac-

ticable. (*O'Gara* v. *Lowry,* supra.) Therefore, when the court decided as a matter of law that, because there had not been an immediate delivery of the wheat, plaintiff had failed to adduce evidence from which the jury could decide that she was the owner thereof, it committed error. There was sufficient evidence from which ownership of plaintiff might have been found by the jury.

Defendant also contends that ''under the provisions of section 8604, Revised Codes 1921, the attempted transfer and sale of the property involved in this case is conclusively deemed to have been fraudulent, and therefore the plaintiff is not entitled * * * to any relief.'' Section 8604 provides: ''Every transfer of personal property, other than a thing in action, or a ship or cargo at sea, or in a foreign port, and every lien thereon, other than a mortgage, when allowed by law, and a contract of bottomry or respondentia, is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent, and therefore void, against those who are his creditors while he remains in possession, and the successors in interest of such creditors, and against any persons on whom his estate devolves in trust for the benefit of others than himself, and against purchasers or encumbrancers in good faith subsequent to the transfer.''

Whether there has been a sufficient change of possession to constitute a delivery passing title is ordinarily a question for the jury. (*Dodge* v. *Jones,* 7 Mont. 121, 14 Pac. 707, 709; *O'Gara* v. *Lowry,* supra; see, also, 55 C. J. 553, and cases cited.) Where the facts are undisputed, it is the duty of the court to determine, as a question of law, whether such facts constitute an actual and continued possession within the statute. (*Weil* v. *Paul,* 22 Cal. 492; *Hodgkins* v. *Hook,* 23 Cal. 581; see, also, *Nord* v. *Boston etc. Min. Co.,* 30 Mont. 48, 75 Pac. 681.)

In this case the plaintiff's evidence was not disputed, and the court determined, as a matter of law, that the facts did not constitute an actual and continued possession within the statute. Did the court err in that decision?

It is admitted that plaintiff did not take actual physical possession of the wheat; but it was delivered to the elevator where the weight slips were made out in plaintiff's name rather than in the name of Emmett Claypool. Some of the slips were delivered by the latter to the plaintiff; and later, when the elevator made out the storage ticket, it was made out in plaintiff's name. All these facts tend to indicate that the elevator became the bailee holding for plaintiff. It was for the jury to determine whether Emmett Claypool had divested himself of possession and control over the property.

In 24 R. C. L. 40 it is said: "A delivery of the subject matter of a sale to a third person with the consent of the buyer to hold for him is a sufficient delivery and change of possession to validate the sale as against a subsequent purchaser or levying creditor of the seller." (See, also, *Fergus County Hardware Co.* v. *Crowley*, 57 Mont. 340, 188 Pac. 374.)

In *Hendrie & Bolthoff Co.* v. *Collins*, 29 Colo. 102, 67 Pac. 164, 166, the subject matter was a pump, and there had been a resale by the original vendee to the original vendor. A question was raised between an attaching creditor and the intervening vendee as to who was the real owner. The court, referring to the statute and to the necessity of an immediate delivery of the property sold and the notorious change of possession thereof, said: "But this does not apply where the property has been placed by the vendor in the possession of a third person, if the possession of the third person is open and notorious and exclusive."

In *Williams* v. *Lerch*, 56 Cal. 330, it was held that, if a vendor of goods in the care and keeping of a third person directs him to deliver them to the vendee, and the party holding the goods consents to retain the goods for him and does so retain them, it is a sufficient delivery and change of possession to satisfy the requirements of section 3440, Civil Code

(identical with section 8604, supra). To the same effect are *Morgan* v. *Miller*, 62 Cal. 492, *Estey* v. *Cooke*, 12 Nev. 276, and *Love* v. *Schmidt*, 26 Okl. 648, 110 Pac. 665, Ann. Cas. 1912B, 458, 31 L. R. A. (n. s.) 1162.

In the case of *Dodge* v. *Jones*, supra, this court said: "A sale of personal property must, in general, be accompanied by a change of possession of the thing sold. The law, however, does not require the parties to a sale to perform acts extremely inconvenient, if not impossible, but accommodates itself to their business, and the nature of their property; and therefore, as some kinds of property are not susceptible of immediate manual delivery, the law requires only such delivery and change of possession as the nature of the property will allow."

In *Dover Lumber Co.* v. *Whitcomb*, 54 Mont. 141, 168 Pac. 947, 949, the court said: "Actual delivery, as the term is familiarly understood, is not indispensable. The transfer of possession of heavy, bulky, or cumbersome articles, not capable of manual delivery, may nevertheless be effected. The delivery may be symbolical as well as actual, and the identification of the property in the hands of the new owner by the means usually employed for such purpose is generally held sufficient evidence of a change of possession." (See, also, *Western Min. Co.* v. *Quinn*, supra; *O. W. Perry Co.* v. *Mullen*, 81 Mont. 482, 263 Pac. 976, 56 A. L. R. 514; *O'Gara* v. *Lowry*, supra; *Puckett* v. *Hopkins*, 63 Mont. 137, 206 Pac. 422; *Greenbaum* v. *Martinez*, 86 Cal. 459, 25 Pac. 12; annotation in 4 A. L. R. 908.)

In the present case, where the interest was an undivided one, it cannot be assumed that plaintiff could have taken actual physical possession of the wheat then standing unharvested in the field. The evidence indicates that the possession of the wheat was changed as quickly and as effectively as the nature of the property and the circumstances of the parties would permit, and all before the levy of defendant's attachment. Under the authorities already cited, this was sufficient to take the case out of the statute, section 8604, supra.

Defendant cites and relies upon the case of *Brown* v. *Federal Surety Co.*, 91 Mont. 389, 8 Pac. (2d) 647, *Taylor* v. *Malta Merc. Co.*, 47 Mont. 342, 132 Pac. 549, *O. W. Perry Co.* v. *Mullen*, supra, and *Wells* v. *Esgar*, 72 Mont. 333, 233 Pac. 123. In all these cases it was held that there had not been a sufficient delivery and change of possession to meet the requirements of section 8604. We find, however, that none of these cases are sufficiently in point to be controlling here; they differ materially from the case at bar in the factual situations presented. In dealing with such a situation as that presented here, courts generally say that each case must be determined on its own facts. (*O. W. Perry Co.* v. *Mullen*, supra.)

We hold that the court erred in granting the nonsuit. There was evidence from which the jury might have found that there had been sufficient change of possession to relieve the transaction from the condemnation of the statute. There was evidence to take the issue to the jury. The motion for nonsuit was erroneously sustained.

The judgment is reversed and the cause remanded, with directions to grant a new trial.

Mr. Chief Justice Callaway and Associate Justices Angstman, Matthews and Anderson concur.