[S. F. No. 1705.   Department Two.—November 1, 1900.]

M. BLUMENTHAL, Respondent, v. CHARLES GREEN-BERG et al., Defendants. CHARLES GREENBERG, Appellant.

SALE—DELIVERY TO PARTNER.—Under a contract for the sale of personal property to the vendees as partners, a delivery to one of the partners is a delivery to both.

ID.—EVIDENCE OF PARTNERSHIP.—In an action to recover the purchase price of property so sold and delivered, parol evidence is admissible that at the time of the sale the vendees stated, in the presence of the vendor and of each other, that they were partners.

ID.—REPRESENTATION AS TO VALUE—FRAUD.—The mere representation by the vendor that the property sold was worth a sum largely in excess of its actual value is not such a fraudulent misrepresentation as will warrant the annulment of the contract, if the vendee had a full and complete opportunity to inform himself as to its value, and inspected the property on several occasions before the purchase.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

A. Morgenthal, for Appellant.

Percy V. Long, and Harris & Hess, for Respondent.

COOPER, C.—This action was brought to recover of defendants a balance of eight hundred and ten dollars alleged to be due for goods, wares, and merchandise sold and delivered by plaintiff to defendants at their instance and request for the agreed price of eight hundred and fifty dollars. The case was tried before the court, findings filed, and judgment entered in favor of plaintiff for the sum of four hundred and five dollars and costs. This appeal is by defendant Greenberg from the judgment and from an order denying his motion for a new trial. It is claimed that certain of the findings are not supported by the evidence, and that the court erred in overruling two objections made by appellant to certain questions asked of the plaintiff while on the stand as a witness.

The court found that the plaintiff sold and delivered to the defendants goods, wares, and merchandise, and this finding is attacked, and in his specifications counsel says: "There is no evidence whatsoever that plaintiff at any time or place delivered any goods or any merchandise or any wares to defendant, Charles Greenberg." The evidence shows that the subject of sale was a saloon and the liquors therein, at 212 O'Farrell street, in the city of San Francisco. That a contract in writing was made by plaintiff with both defendants for the sale of the property. Plaintiff testified: "Under that contract I delivered the place to Mr. Wehr, in the absence of Mr. Greenberg, on February 5th, which he directed me to do. . . . . Wehr immediately took possession of the place." The plaintiff further testified that appellant said, "If I should not be here, deliver the place over to Wehr."

CXXX. Cal.—25

The witness Harris testified: "He [speaking of plaintiff] told Mr. Wehr that he gave him possession of the place in the name of both Mr. Wehr and Mr. Greenberg, and Mr. Wehr then went behind the counter and invited us to drink." The defendant Wehr testified that after the contract was made with plaintiff on January 31st, that appellant Greenberg told him that he had to go to Vacaville to settle up his affairs, and that he would be back by February 3d, and that Greenberg said: "If I ain't here you go right ahead."

The defendant Wehr, after further testifying that appellant had not returned on the 5th, said: "I took possession and re-engaged the men that were there on account they were acquainted with the people."

The above evidence amply sustains the finding. It is next argued that the finding that the defendants promised to pay plaintiff eight hundred and fifty dollars for the sale and delivery of the saloon to them is not sustained by the evidence. The written contract that was signed by both defendants was introduced in evidence by plaintiff without objection. It reads as follows:

"San Francisco, 1-31-96.

"We hereby bind ourselves and acknowledge the purchase of the saloon, No. 212 O'Farrell street, for the sum of $850, from M. Blumenthal & Co.; we have given said M. Blumenthal & Co. $40 as a deposit on said purchase, balance of purchase money to be paid by February 5, 1896.

"CHARLES GREENBERG.
"CHARLES J. WEHR.

"Witness: P. N. Feldtman."

This was not only the written agreement, but the agreement as testified to by plaintiff and defendant Wehr. Appellant, in his own testimony, says he was to purchase the property with defendant Wehr for eight hundred and fifty dollars, and "I was to pay one-half and Mr. Wehr the other half." The court found "that all the denials and all the allegations in defendant Greenberg's answer are untrue," and the appellant specifies with much particularity many things in the answer which he says the evidence shows to be true. These matters so

specified are so wholly immaterial that it would serve no useful purpose to discuss them in detail. An example or two will suffice. Appellant's counsel says: "The allegation in said answer 'that appellant is and always has been a blacksmith by trade' is true. . . . . The allegation in said answer 'that appellant would notify his employer at Vacaville' is true. . . . . The allegation in said answer 'that said employer owed appellant several hundred dollars for wages' is true." The fact that appellant is a blacksmith by trade, that he had several hundred dollars due him from his employer in Vacaville, while probably of interest to himself, has nothing to do with the merits of the case. Counsel should never take up the time of this court in arguing the question of the insufficiency of the evidence to sustain any finding of fact that is wholly immaterial. If a finding is material, and counsel in good faith believes the evidence insufficient to sustain it and points out its materiality and the respects wherein it is claimed that the evidence is insufficient, we will always carefully examine it; but counsel should not devote any portion of the record or briefs to the alleged insufficiency of evidence as to wholly immaterial findings. As to the portions of the answer which were material, it is sufficient to say the evidence shows it to be untrue. It denied the sale, the delivery, the price agreed upon, or that anything was due. The findings of the court heretofore discussed show that these denials were not true.

The remaining portions of the answer consisted of statements and matters wholly outside the issues, except the attempt to state fraud by plaintiff in stating the value of the saloon to be eight hundred and fifty dollars, and that appellant relied upon such statements, and that the saloon was worth only one hundred and fifty dollars. It is sufficient to state that the evidence does not support this part of the answer. Appellant went with Wchr several times and examined the saloon before he agreed to purchase it. After agreeing upon the price he says he would have paid all his portion down if he had had the money.

It may be, and probably is, true that appellant made a bad bargain and agreed to pay more for the property than it was

worth. But he should have considered all those things before he signed the contract. In cases of fraud and misrepresentation, when the parties are not upon an equal footing, and where an actual false representation has been made upon which the innocent party relied and upon which he had the right to rely, the courts will afford relief. But when a party makes a bad bargain with his eyes open or buys property for which he has no use, and concerning which he does not attempt to inform himself, the good of society and the well-being of communities will be much better subserved by leaving him "to repent at leisure." If the courts should attempt to act as guardians for all parties whose ignorance has caused them to be duped and to make bad bargains, it would be necessary to largely increase the judicial force now provided, and it would make all transactions uncertain and destroy trade and commerce.

After the plaintiff had testified as to making the sale to defendants and the contract of sale, he was asked: "Did they say what relation they bore toward each other, if any?" The appellant's objection to this question was overruled, and plaintiff answered that they said they "are partners together." The question was proper. Appellant was contending, and now contends, that a delivery to defendant Wehr was not a delivery to him. If the defendant Wehr was stated to be a partner in the presence of or by appellant, it was material, for the reason that a delivery to one partner was a delivery to both. Plaintiff was allowed, under appellant's objection, to state how the delivery was made. As appellant claimed there was no delivery, it certainly was competent to show the acts done by which plaintiff claimed that the property was delivered.

There is no merit in the other alleged errors, and it would be useless to discuss them.

The judgment and order should be affirmed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Henshaw, J., Temple, J., McFarland, J.