KALISPELL LIQUOR AND TOBACCO COMPANY, RESPOND-
ENT, *v.* McGOVERN ET AL., DEFENDANTS; KIPP, APPEL-
LANT.

(No. 2,217.)

(Submitted January 8, 1906.    Decided January 22, 1906.)

*Contracts—Sales—Statute of Frauds—Original Obligations—
Trial — Appeal — Variance —Nonsuit—Evidence—Indians —
Contracts Other than for Intoxicating Liquors.*

Appeal—Variance.
   1.   The question of variance will not be considered when raised for
the first time on appeal.
Statute of Frauds—Promise to Answer for Debt of Another.
   2.   An oral promise to pay for goods purchased by another, in case
the latter failed to pay for them, is void under the statute of frauds.
Statute of Frauds—Promise to Pay Debt of Another—Original Obligation.
   3.   The promise of one to pay a debt owing by another, in considera-
tion of the release of the promisor's property from attachment, is an
original obligation which need not be in writing.
Sales—Action for Price—Trial—Variance.
   4.   Where the contract sued upon was one under which defendant
purchased the goods described in the complaint, and recovery was had
upon one made by defendant subsequently to the time the goods
were sold, by which he agreed to pay for the goods sold and de-
livered to his codefendant, in consideration of the release of his prop-
erty from attachment, there was a fatal variance between the allega-
tions of the complaint and the proof.
Nonsuit—Variance—Failure to Object to Testimony.
   5.   Defendant is not precluded from moving for a nonsuit upon the
ground of a fatal variance between the allegations of the complaint
and the proof, by his failure to object to the introduction of testi-
mony by plaintiff.
Variance—When Failure of Proof.
   6.   Where the contract upon which recovery is had is wholly different
from the one set forth in the complaint, the case is brought within
section 772 of the Code of Civil Procedure, which provides that in
such a case the variance is not to be deemed immaterial, but must be
considered a failure of proof.
Indians—Contracts—Intoxicating Liquors—Evidence.
   7.   Where recovery was had on a contract other than for intoxicating
liquors sold to defendant, the district court properly excluded evi-
dence and refused instructions relative to defendant's status as an
Indian maintaining tribal relations.

*Appeal from District Court, Flathead County; D. F. Smith,
Judge.*

ACTION by the Kalispell Liquor and Tobacco Company against Thomas McGovern and Joseph Kipp. From a judgment in favor of plaintiff and from an order denying him a new trial, defendant Kipp appeals.  Reversed.

*Messrs. Noffsinger & Folsom,* for Respondent.

A nonsuit will not be granted where the evidence is conflicting or leaves a question material to the case in doubt.  (*Simpson* v. *Applegate,* 67 Cal. 471, 8 Pac. 39; *Pacific Mutual Life Ins. Co.* v. *Fisher,* 109 Cal. 566, 42 Pac. 154; *Frank* v. *Atlanta etc. Co.,* 72 Ga. 341; *Lingenfelter* v. *Louisville Ry. Co.* (Ky.), 4 S. W. 185; *Fellows* v. *Barton,* 66 Barb. (N. Y.) 608; *Ball Electric Light Co* v. *Sanderson Bros. Steel Co.,* 60 Hun, 576, 14 N. Y. Supp. 429; *Rumsey* v. *New York etc. R. R. Co.,* 63 Hun, 200, 17 N. Y. Supp. 672.)

Parties to a litigation may consent to the trial of an action other than that pleaded, thus waiving the objection that the *allegata* and *probata* do not agree.  Consent is inferable from the fact that evidence of the substituted cause was received without objection.  (*Kaufman* v. *Bloch,* 5 Misc. Rep. 404, 55 N. Y. St. Rep. 390, 25 N. Y. Supp. 758; *Frear* v. *Sweet,* 118 N. Y. 454, 23 N. E. 910; *Iselin* v. *Griffith,* 62 Iowa, 668, 18 N. W. 302; *Foltz* v. *Hardin,* 139 Ill. 405, 28 N. E. 786; *Akers* v. *Kirk,* 91 Ga. 590, 18 S. E. 367; *Davis* v. *Patrick,* 141 U. S. 479, 12 Sup. Ct. 58, 35 L. Ed. 826; *Hermiston* v. *Green,* 11 S. Dak. 81, 75 N. W. 819; *Fallon* v. *Lawler,* 102 N. Y. 228, 6 N. E. 392; *Baily* v. *Hornthal,* 154 N. Y. 648, 61 Am. St. Rep. 645, 49 N. E. 56.  See, also, *Salazar* v. *Taylor,* 18 Colo. 538, 33 Pac. 369; *Rio Grande etc. Ry. Co.* v. *Rubenstein,* 5 Colo. App. 121, 38 Pac. 76; *Murray* v. *Meade,* 5 Wash. 693, 32 Pac. 780; *Bailey* v. *Hornthal, supra; Adams* v. *Castle,* 64 Minn. 505, 67 N. W. 637; *Kurz* v. *Forquer,* 94 Cal. 91, 29 Pac. 413.)

"A promise to pay the debt of another is not within the statute of frauds, and need not be in writing, if it is based upon a valuable consideration independent of the original debt, moving between the parties to the new promise, or even

from the original debtor to the promisor; and when such a consideration exists it makes no difference in regard to the application of the statute whether the original debtor remains liable or not.'' (*Cross* v. *Richardson,* 30 Vt. 641; *Mallory* v. *Gillette,* 21 N. Y. 412. See, also, cases of *Davis* v. *Banks,* 45 Ga. 138; *Mitchell* v. *Griffin,* 58 Ind. 559; *Ludwick* v. *Watson,* 3 Or. 256; *White* v. *Rintoul, supra.*)

*Mr. M. D. Baldwin,* and *Mr. Sidney M. Logan,* for Appellant.

There was no proof of a delivery of goods to the defendant Kipp nor to Kipp and McGovern jointly. There was no proof of any contract between the plaintiff and the defendant Kipp and as no guaranty was alleged in the complaint or otherwise involved in the issues we submit there was a total failure of proof. (*Maul* v. *Shultz,* 19 Mont. 340, 48 Pac. 626; *Newell* v. *Meyerndorff,* 9 Mont. 254, 18 Am. St. Rep. 738, 23 Pac. 333, 8 L. R. A. 440; *Newell* v. *Nicholson,* 17 Mont. 389, 43 Pac. 180; *Childs* v. *Ptomey,* 17 Mont. 502, 43 Pac. 714; *Finch* v. *Kent,* 24 Mont. 274, 61 Pac. 653; Pomeroy's Code Remedies, sec. 553; *Johnson* v. *Moss,* 45 Cal. 515; *Bryan* v. *Tormey,* 84 Cal. 126, 24 Pac. 319; *Hefferlin* v. *Karlman,* 29 Mont. 151, 74 Pac. 201; *Elmore* v. *Elmore,* 114 Cal. 519, 46 Pac. 458; *Talbott* v. *Heinze,* 25 Mont. 10, 63 Pac. 624; *Shirmer* v. *Drexler,* 134 Cal. 139, 66 Pac. 180; *Wortman* v. *Montana Cent. Ry. Co.,* 22 Mont. 266, 56 Pac. 316; *Davis* v. *Pacific Tel. & Tel. Co.,* 127 Cal. 321, 59 Pac. 698; *Westerfield* v. *New York etc. Ins. Co.,* 129 Cal. 68, 58 Pac. 92, 61 Pac. 667; *Roche* v. *Baldwin,* 135 Cal. 522, 65 Pac. 459, 67 Pac. 903.)

If the original promisor is not released and the plaintiff has any remedy as against him, the promise of the surety is not an original promise and is void. (Brandt on Suretyship and Guaranty, 1st ed., sec. 62, p. 80; *Harris* v. *Frank,* 81 Cal. 284, 22 Pac. 856; *Tyler* v. *Tualtin Academy,* 14 Or. 485, 13 Pac. 329; *Adams* v. *Wallace,* 119 Cal. 68, 51 Pac. 14; *Clay* v. *Walton,* 9 Cal. 329.) The exceptions provided by section 3612 of the Civil Code are merely the same exceptions as have always been

recognized by the courts, and should be construed in light of the adjudications on the subject.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was commenced in the justice of the peace court, where service of summons was had upon the defendant Kipp, but not upon the defendant McGovern. The complaint states a cause of action for $91.42 for goods, wares and merchandise sold by the plaintiff to the defendants. The defendant Kipp made answer denying generally the allegations contained in the complaint, and, as a further defense, set forth the fact that he is an Indian, resides on an Indian Reservation, has never severed his tribal relations, and that the goods sold by the plaintiff consisted of vinous and spirituous liquors. The plaintiff had judgment, and defendant Kipp appealed to the district court, where the plaintiff again prevailed; and from the judgment entered therein and from an order denying him a new trial, defendant Kipp appeals to this court.

Three questions are directly urged upon our consideration: (1) Was there a fatal variance between the allegations of the complaint and the proof adduced at the trial? (2) Was the defendant Kipp's promise to pay for the goods invalid under the statute of frauds? and (3) Did the court err in excluding testimony and instructions offered by defendant relative to his status as an Indian?

Upon the trial in the district court the plaintiff offered evidence tending to prove that Kipp had brought McGovern to the plaintiff's place of business and had introduced him as a prospective customer, and had agreed to pay for such goods as McGovern might purchase, in case McGovern did not do so. This promise, if made, was not in writing and confessedly void under the statute of frauds. The evidence, however, further tends to prove that afterward plaintiff commenced an action against Kipp and McGovern to recover upon this same cause of action, and attached certain property belonging to Kipp;

that thereupon Kipp promised to pay the bill if the action was dismissed and the attached property released. All of this evidence was admitted without objection. At the close of plaintiff's case the defendant moved for a nonsuit, upon the ground that there was a fatal variance between the allegations of the complaint and the proof.

On behalf of respondent it is said that, admitting that the variance is otherwise fatal, it was in this instance waived by the defendant Kipp by not objecting to the testimony when offered, and numerous cases are cited in support of this rule. But we think the rule is subject to this qualification: "provided the attention of the trial court is not directed to the variance." In other words, the question of variance will not be considered when raised in the appellate court for the first time. (*Southmayd* v. *Southmayd*, 4 Mont. 100, 107, 5 Pac. 318; *First Nat. Bank* v. *McAndrews*, 7 Mont. 150, 158, 14 Pac. 763; *Nyhart* v. *Pennington*, 20 Mont. 158, 161, 50 Pac. 413.) But the variance is not waived if timely objection is made and the attention of the trial court directed to it.

The question, then, presented is: May such objection be made by motion for nonsuit? And this question is answered and the contention set at rest by the former decision of this court. (*Wortman* v. *Montana Central Ry. Co.*, 22 Mont. 266, at 285, 56 Pac. 316; *Johnson* v. *Moss*, 45 Cal. 515.) In this latter case it is said: "No objection was taken to the testimony as it was introduced; but the defendant was not thereby precluded from moving for a nonsuit, on the ground that it failed to prove the contract declared on."

The contract sued upon was one under which the defendant Kipp purchased the goods described in the complaint. Recovery was had upon a contract made by the defendant Kipp subsequently to the time the goods were sold and delivered, by which he agreed to pay for the goods in consideration of the release of his property from attachment. Under the authority of *McCormick* v. *Johnson et al.*, 31 Mont. 266, 78 Pac. 500, this promise was not within the statute of frauds. But it can-

not be said that such variance was an immaterial one which the court might disregard under the provisions of sections 770 and 771 of the Code of Civil Procedure.  The contract upon which recovery was had was wholly different from the one set forth in the complaint and brings the case within the provisions of section 772 of the Code of Civil Procedure.

We are of the opinion that the court did not err in excluding the testimony, or in refusing to give the instructions, offered by the defendant, relative to his status as an Indian. Upon the theory of the case as presented by the plaintiff in its evidence, Kipp's promise was founded upon a contract made subsequently to the time the goods were sold and delivered, and therefore it was immaterial whether he was an Indian or a white man, for the contract upon which recovery was had was not for intoxicating liquors sold to Kipp—a transaction unenforceable, if Kipp is an Indian maintaining tribal relations.

As the testimony of the defendant did not aid the plaintiff's case, we are of the opinion that the court erred in refusing to grant the nonsuit.

The judgment and order are reversed, and the cause remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE MILBURN concur.