BREIDENBACH ET AL., RESPONDENTS, *v.* UPPER VALLEY
ORCHARDS CO., APPELLANT.

(No. 4,078.)

(Submitted January 15, 1920. Decided February 16, 1920.)

[187 Pac. 1008.]

*Sales — Statute of Frauds — Promise to Answer for Another's
Debt—Collateral Promise.*

Statute of Frauds—Promise to Answer for Another's Debt—When Question
of Law—When of Fact.
1. If the language employed in making a promise to pay the debt
of another is such that by immemorial usage and common custom it has
but one meaning, the character of the promise is to be determined
as a question of law; where, however, it is such that reasonable minds
might differ as to the meaning intended to be conveyed, its character
is to be determined as a question of fact.

Same—When Promise Collateral.
2. Where goods were ordered by and delivered to an independent con-
tractor performing work for defendant company, and charged to him on
plaintiff's books, and plaintiff in a former action to recover their price
brought suit against the contractor alone, looking to him primarily
and the company only as guarantor, the promise of the manager of
the company to see that plaintiff "got his money" was a collateral one
which, not being in writing, was void under the statute of frauds.

Same—Extension of Credit to Buyer—Effect.
3. Where credit for goods was extended to the person who ordered
them and to whom they were delivered, and not exclusively to him who
was sought to be held liable for their price under an oral promise to see
that the seller "got his money," the promise was void under the statute
of frauds, even though the promise was the principal inducement for
the sale.

[As to contemporary promise of one person to pay where benefit
inures to another as a promise to answer for default of another within
the statute of frauds, see notes in 15 L. R. A. (n. s.) 214; 32 L. R. A.
(n. s.) 598.]

*Appeal from District Court, Ravalli County; R. Lee McCul-
loch, Judge.*

ACTION by J. A. Breidenbach and another, as copartners doing
business under the firm name of Breidenbach Brothers, against
the Upper Valley Orchards Company. From judgment for
plaintiffs and order denying new trial, the defendant appeals.
Judgment and order reversed and cause remanded.

*Messrs. O'Hara & Madeen,* for Appellant, submitted a brief; *Mr. Geo. T. Baggs,* of Counsel, argued the cause orally.

The defendant Upper Valley Orchards Company's motion for nonsuit should have been sustained. There is a variance, amounting to a total failure of proof, between the allegations of the complaint and the evidence adduced on the trial, and this is true whether the promise of the Upper Valley Orchards Company be construed to be an original promise or a collateral promise. The allegation in the complaint of a joint liability of the defendants for goods, wares and merchandise sold and delivered to them is not supported by proof that the goods were sold and delivered to one of the defendants under an express promise of the other defendant to pay for them, whether this express promise is in the nature of an original or collateral promise.

If the agreement be construed to be of such a nature as to make the defendant, Upper Valley Orchards Company, an original promisor, then the allegations of the complaint are insufficient to maintain the action, for the reason that the proof is clear and unambiguous that the goods were sold and delivered to one of the defendants only, and it is not alleged that this was done at the instance and request of the defendant sought to be charged in the action. Even with this allegation, it would be insufficient to support a judgment against the defendant, Upper Valley Orchards Company, without other facts from which a promise to pay might be implied. (*Conrad Nat. Bank* v. *Great Northern Ry. Co.,* 24 Mont. 178, 183, 61 Pac. 1.) The complaint may state a cause of action, but it does not state the cause of action which the proof tends to sustain.

If the agreement is construed to be a collateral promise on part of defendant, Upper Valley Orchards Company, that is, a guaranty of payment on its part, then the variance or failure of proof is unmistakable.

The plaintiff must recover, if at all, upon the cause of action set forth in their complaint, and not upon a cause of action developed on the trial of the case. (*Mondranx* v. *Goux,* 51 Cal.

151, 153; *Owen* v. *Meade,* 104 Cal. 179, 37 Pac. 923; *Maul* v. *Schultz,* 19 Mont. 335, 341, 48 Pac. 626; *Wortman* v. *Montana Cent. Ry. Co.,* 22 Mont. 266, 286, 56 Pac. 316; *Wahle* v. *Great Northern Ry. Co.,* 41 Mont. 326, 109 Pac. 713; *Gregory* v. *Chicago, M. St. P. Ry. Co.,* 42 Mont. 551, 113 Pac. 1123; *Haley* v. *McDermott,* 45 Mont. 217, 121 Pac. 1060.)

To overcome the inference that Ivanoff was the principal debtor derived from the fact that he was given credit on the books of the plaintiffs, proof must be very strong. (*Hardman* v. *Bradley,* 85 Ill. 162.)

Then in addition to this, there is the action brought by plaintiffs against Ivanoff on this identical account, which ought to be conclusive on the question. Courts have refused to apply the doctrine of primary liability because of the fact that the creditor had first brought suit against the party claimed to be the debtor, and garnished the promisor, as in this case, this conduct on the part of the creditor being held to be inconsistent with its being an original promise. (*Gray* v. *Herman,* 75 Wis. 453, 6 L. R. A. 691, 44 N. W. 248; *Preston* v. *Zekind,* 84 Mich. 641, 48 N. W. 180; *Dupuis* v. *Interior Construction etc. Co.,* 88 Mich. 103, 50 N. W. 103.)

*Messrs. Wagner & Taylor,* for Respondents, submitted a brief; *Mr. J. D. Taylor* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought by Breidenbach Bros., copartners, against the Upper Valley Orchards Company and Peter Ivanhoff, to recover $1,150.50 and to establish and foreclose a materialman's lien. The trial court denied the plaintiffs the right to a lien, but rendered a personal judgment against both defendants for $1,032 and costs. From that judgment and from an order denying it a new trial, the defendant Orchards Company appealed.

It is alleged in the complaint that between October 19 and November 20, 1914, plaintiffs sold and delivered to defendants goods, wares and merchandise (dynamite, fuse and caps) for which the defendants agreed to pay $1,150.50. The answer of the Orchards Company is substantially a general denial. Ivanhoff appeared by demurrer and, when this was overruled, failed to plead further.

Upon the trial these facts were made to appear: Ivanhoff had a contract to clear and plow certain lands for the Orchards Company, and in the prosecution of this work required the materials which furnish the subject matter of this litigation. He applied to the plaintiffs to secure the goods upon credit, but was informed by J. A. Breidenbach that they would have to be assured that they would get their money. Ivanhoff replied that he could arrange the matter with the Orchards Company, and a day or two later brought to the Breidenbach store Thos. M. Norton, manager for the company. What then transpired is told by J. A. Breidenbach in his testimony, as follows: "He [Norton] said to go ahead and let Mr. Ivanhoff have the stuff and he would see that we got the money for it." The goods were delivered in four installments, and on each occasion a slip was made out by plaintiffs upon which the goods were charged to Ivanhoff alone. When the account was transferred to the ledger it was entitled, "Peter Ivanhoff, c/o Upper Valley."

About December 1, 1914, plaintiffs brought an action against Ivanhoff alone to recover for these same goods, and made and filed the necessary affidavit for a writ of attachment. In the complaint in that action, they alleged that the goods were sold and delivered to Ivanhoff and that Ivanhoff promised to pay for them, and substantially the same averments appear in the affidavit. Concerning that action, J. A. Breidenbach testified: "When we brought this suit against Ivanhoff, we looked to him first as the man who owed us the money, and looked to Upper Valley Orchards Company as the guarantor." And again testified, "We looked to Mr. Ivanhoff first and then the Upper Valley Orchards Company to pay the account in accordance

with the conversation with Mr. Norton," and again, "The only reason that we seek to charge the Upper Valley Orchards Company for the price of dynamite is because Mr. Norton came into the store with Ivanhoff and said that he would see that we got our pay for it." The same witness also testified: "We sold dynamite, caps, and fuse to the defendant amounting to $1,150.07, as I remember it. It was sold to—Mr. Ivanhoff got the goods."

The complaint in the present action is drawn to conform to the theory of joint liability; but that theory was exploded when plaintiff J. A. Breidenbach testified as indicated above. It is impossible to find from his testimony that the goods were sold to defendants jointly. The only conclusion admissible is that the goods were sold to Ivanhoff, and that Norton agreed to pay for them in the first instance or agreed to pay for them, if Ivanhoff failed to do so.

It is not necessary now to consider whether Norton was [1] representing the company when he made the promise, and, if he was, whether he had authority to do so. Assuming that he was speaking for the company and with authority, the question then arises: What is the character of the agreement which he entered into with the plaintiffs? Did he promise to pay the debt of the company, or did he promise to pay Ivanhoff's debt? If the former, the promise was original and not within the inhibition of the statute of frauds. If the latter, the promise was collateral, and, not being in writing, was void under the express provisions of section 5017, Revised Codes.

Where the language employed in making the promise is unequivocal and such that by immemorial custom and common consent it has but one meaning, the character of the promise is to be determined as a question of law. (*Fortman* v. *Leggerini*, 51 Mont. 238, 152 Pac. 33.) But where the language is such that reasonable minds might differ as to the meaning intended to be conveyed, then the character of the promise is to be determined as a question of fact, depending upon the intention of the parties at the time the promise was made, as such intention is re-

vealed by the surrounding circumstances. (*McGowan Com. Co. v. Midland Coal Co.,* 41 Mont. 211, 108 Pac. 655.)

In the trial court the parties proceeded upon the theory that the character of the promise made by Norton was properly to be determined as a question of fact, and appellant now insists that the evidence is insufficient to warrant the court in submitting the question to the jury, and with this we agree.

What were the attending circumstances from which the [2] intention of plaintiffs and Norton is to be ascertained? (a) The negotiations had their inception in the application of Ivanhoff to plaintiffs for credit for himself, not to the company. (b) The goods were delivered to Ivanhoff. (c) They were charged to Ivanhoff, and not charged to the company. (d) Plaintiffs brought an action against Ivanhoff alone to enforce payment for the goods. (e) Plaintiffs looked to Ivanhoff primarily and to the company only as guarantor. Instead of establishing an original promise, this evidence leads to the conclusion that plaintiffs understood that Ivanhoff was to be held primarily liable and that the company would be called upon only in the event that Ivanhoff failed to discharge his obligation.

Counsel for respondents lay stress upon the testimony of Ivanhoff; but however it may reflect upon the transaction as between him and Norton, or as between him and the company, it does not, and from the very nature of the case cannot, shed light upon the intention of the plaintiffs at the time of their agreement with Norton. Ivanhoff was an independent contractor, and not an agent of the company. But aside from every other consideration, there is the insuperable objection that in this action Ivanhoff is pursued as a party to whom credit was given. In order [3] to bind the company for goods sold to Ivanhoff, it is indispensable that credit was given to the company exclusively. If any credit was given to Ivanhoff, the company is not liable, since its promise was not in writing; and this is so even though its promise may have been the principal inducement to the plaintiffs to deliver the goods to Ivanhoff. The rules of law which govern a transaction of this character were considered so recently

and stated so fully in *McGowan* v. *Midland Coal Co.*, above, and *Fortman* v. *Leggerini*, above, that a further citation of authority is unnecessary.

The judgment and order are reversed, and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HURLY and MATTHEWS concur.

MR. JUSTICE COOPER, being absent, takes no part in this decision.