The Hon. William L. Holloway,
The Hon. John Hurly,
The Hon. John A. Matthews,
The Hon. Charles H. Cooper,
} Associate Justices.

---

## FERGUS COUNTY HARDWARE CO., Respondent, *v.* CROWLEY, Appellant.

(No. 4,128.)

(Submitted February 25, 1920. Decided March 8, 1920.)

[188 Pac. 374.]

*Statute of Frauds—Promise to Answer for Another's Debt— When Original Obligation—Sales—Delivery—Variance.*

Statute of Frauds—Sales—Promise to Answer for Another's Debt—When Original Obligation.
1.  Where defendant had instructed a merchant who had refused to extend credit to a third person to send the goods desired to such person with the assurance that he (defendant) would pay for them, and credit was extended solely to defendant, the obligation to pay for them was original and not affected by the statute of frauds.

---

On the question of contemporaneous promise of one person to pay where benefit inures to another as a promise to answer for the default of another within the statute of frauds, see notes in 15 L. R. A. (n. s.) 214; 32 L. R. A. (n. s.) 598.

(340)

Same—Extension of Credit to Promisor—Billing of Goods to and Partial Payment by Another—Effect.

2. The facts that the goods referred to above were charged to the person to whom they were sent and not to the defendant, that bills for them were rendered to the former and partial payments received from him, *held* not to have been conclusive against plaintiff, but subject to explanation on the question to whom credit was extended.

Sales—Delivery to Other Than Buyer—Variance.

3. Delivery of goods to one designated by the buyer is delivery to the buyer himself; hence there is no variance between an allegation of delivery of goods to the buyer and proof of delivery to one designated by him.

*Appeal from District Court, Fergus County; Roy E. Ayers, Judge.*

ACTION by the Fergus County Hardware Company against T. E. Crowley. From a judgment for plaintiff and an order denying a new trial, defendant appeals.

*Affirmed.*

*Mr. E. K. Cheadle,* for Appellant, submitted a brief and argued the cause orally.

*Mr. S. P. Williams,* for Respondent, submitted a brief; *Mr. Ralph J. Anderson,* of Counsel, argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The complaint in this action charges that between May 26 and October 30, 1913, plaintiff sold and delivered to the defendant at his special instance and request certain goods, wares and merchandise of the value of $515.77, no part of which sum has been paid except $100 in cash; that defendant is entitled to credit for the further sum of $64 for goods returned, and that there remains unpaid a balance of $351.77. The answer is a general denial. The trial of the cause resulted in a verdict for plaintiff, and from the judgment entered thereon and from an order denying a new trial, defendant appealed.

The evidence on behalf of the plaintiff is to the effect that [1] C. E. Pentecost, the son-in-law of the defendant, had

previously purchased goods from plaintiff upon credit; that he had failed to meet his obligations, and had executed and delivered to plaintiff certain worthless checks; that early in May, 1913, he was engaged upon work in the prosecution of which he required immediately certain goods (gasoline and oil), and ordered them from the plaintiff, but, because of the facts stated, they were not delivered, and plaintiff refused to sell to him further upon credit; that defendant came to plaintiff's place of business to inquire the reason the goods had not been delivered, and was informed; that thereupon he said, "Send this stuff out there, and I will pay for it"; that later Pentecost sent to plaintiff another order for goods, which plaintiff refused to fill until defendant could be notified, and, when notified, he said, "Get the stuff out there, whatever the boys want, and I will pay for it"; that the goods were shipped to Pentecost and charged upon plaintiff's books to Pentecost; that bills were sent to Pentecost, and that Pentecost paid $100 on account, but that credit was extended solely to defendant, Crowley.

It was peculiarly the province of the jury to pass upon the credibility of plaintiff's witnesses, and the general verdict is in effect a finding that their version of the transaction is the correct one. With these facts found, there cannot be any question that Crowley's obligation was an original one not affected by [2] the statute of frauds. While it will be conceded that the facts that the goods were charged to Pentecost, that bills for them were rendered to him and partial payment received from him, tend strongly to indicate that the sale was made to him, still neither any one of the facts is, nor all of them are, conclusive against the plaintiff. They may be explained, and if the jury was satisfied, as it apparently was, that the sale was made altogether upon the credit of Crowley without any intention of resorting to Pentecost for payment, the recovery is warranted. (25 R. C. L. 491, 492.) This entire subject has been covered so fully by this court in *McGowan Com. Co.* v. *Midland C. & L. Co.*, 41 Mont. 211, 108 Pac. 655, *Fortman* v. *Leggerini*, 51 Mont. 238, 152 Pac. 33, and *Breidenbach Bros.* v. *Upper Valley Or-*

*chards Co., ante,* p. 247, 187 Pac. 1008, that further citation of authorities is unnecessary.

It is contended that there is a fatal variance between the [3] pleadings and proof, in that the complaint alleges a delivery to Crowley, and the evidence discloses a delivery to Pentecost. The evidence, however, goes no further than to indicate that the goods were shipped to Pentecost by direction of defendant, and it is too well settled to be open to question that delivery of goods to one designated by the buyer to receive them is delivery to the buyer himself. (*Wing* v. *Clark,* 24 Me. 366; *Blumenthal* v. *Greenberg,* 130 Cal. 384, 62 Pac. 599; 35 Cyc. 189; 24 R. C. L. 40.)

No error appearing in the record, the judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HURLY, MATTHEWS and COOPER concur.